

FILED
JAN 13 2011
DAVID CREWS, CLERK
BY_____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

NATALIE STAFFORD, AS CONSERVATOR
OF RICHARD STAFFORD                                                    PLAINTIFF

VS.                                                            CAUSE NO. 1:11CV13-AD

CITY OF WEST POINT, MISSISSIPPI;
OFFICER MARK STAFFORD, INDIVIDUALLY,
AND IN HIS OFFICIAL CAPACITY; OFFICER
STANLEY McCREE, INDIVIDUALLY, AND IN
HIS OFFICIAL CAPACITY; MISSISSIPPI ADULT
COMPANIES, LLC AND TENNESSEE
ENTERTAINMENT, D/B/A THE PONY; VICTORY
MARKETING, LLC, D/B/A SPRINT MART;
JOHN DOES 1-25, INDIVIDUALLY, AND IN
THEIR OFFICIAL CAPACITY; AND XYZ
ENTITIES 1-25                                                          DEFENDANTS

## COMPLAINT
### (JURY TRIAL DEMANDED)

Comes now the Plaintiff and brings this her Complaint to recover actual and punitive damages for the violation of constitutional rights, as well as common law torts, committed against Richard Stafford, by the Defendants. In support thereof, Plaintiff would show unto this Honorable Court the following, to-wit:

### PARTIES

1.

Plaintiff, Natalie Stafford, is an adult resident citizen of Clay County, Mississippi, and court appointed conservator of her son, Richard Stafford, who resides with her. As conservator, she brings this action for and on behalf of Richard Stafford.

2.

Defendant, City of West Point, Mississippi, is a municipal corporation which may be served according to law through the Mayor or the Municipal Clerk for the City of West Point, Mississippi.

3.

Defendant, Officer Mark Stafford, is named in this lawsuit individually and in his official capacity as a duly certified officer with the City of West Point, Mississippi, and was acting under the color of law of Mississippi, and within the course and scope of his employment as a police officer for the City of West Point, Mississippi, at all times relevant to this action. Defendant Stafford may be served with process according to law at his principal place of employment, the City of West Point, Mississippi, Police Department.

4.

Defendant, Officer Stanley McCree, is named in this lawsuit individually and in his official capacity as a duly certified officer with the City of West Point, Mississippi, and was acting under color of law of Mississippi, and within the course and scope of his employment as an officer for the City of West Point, Mississippi, at all times relevant to this action. Defendant McCree may be served with process according to law at his principal place of employment, the City of West Point, Mississippi, Police Department.

5.

Defendant, Mississippi Adult Companies, LLC and Tennessee Entertainment d/b/a "The Pony" is a registered Mississippi company having a place of business on Highway 45 Alternate in Lowndes County, Mississippi, and may be served through their registered agent, Mark A. Cliett, 515 Highway 45 Alternate North, Suite A, Post Office Box 1463,

West Point, Mississippi 39773.

6.

Defendant, Victory Marketing, LLC d/b/a "Sprint Mart" is a registered Mississippi company having a place of business in West Point, Mississippi, and may be served with process through their registered agent, J. C. Norris, Jr., Post Office Box 2296, Woodland, Mississippi 39158.

7.

Defendants, John Does 1-25, are included in this lawsuit individually and in their capacities as unnamed law enforcement officers involved in the incident which forms the basis of this Complaint. Plaintiff will seek leave of this Court to amend this Complaint to include their identities as soon as they are identified.

8.

Defendants, XYZ Entities, are law enforcement and/or commercial entities that were involved in this incident which forms the basis of this Complaint. Plaintiff will seek leave of this Court to amend this Complaint to include their identities as soon as they are identified.

## JURISDICTION AND VENUE

9.

This Court has jurisdiction over Mark Stafford, Stanley McCree, and the City of West Point, Mississippi, pursuant to 28 U.S.C. §1331, in that this civil action arises under 42 U.S.C. §1983.

10.

This Court has Pendent (Supplement) jurisdiction over Mark Stafford, Stanley

McCree, and the City of West Point, Mississippi, pursuant to 28 U.S.C. §1367(a), in that there are state law claims under Mississippi Code Annotated Section 11-46-9 (Mississippi Tort Claims Act) which derive from a common nucleus of operative fact as the claims that invoke federal question jurisdiction.

11.

This Court has jurisdiction over The Pony pursuant to 28 U.S.C.§1367(a), in that there are state law claims for negligence which derive from a common nucleus of operative facts as the claims that invoke federal question jurisdiction.

12.

This Court has jurisdiction over the Sprint Mart pursuant to 28 U.S.C. §1367(a), in that there are state law claims for negligence which derive from a common nucleus of operative fact as the claims that invoke federal question jurisdiction.

13.

Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## **FACTS**

14.

On or about January 13, 2010, Richard Stafford, along with friends, went to Sprint Mart in West Point, Mississippi, owned and operated by Victory Marketing, LLC, at which time Sprint Mart illegally sold alcohol to Richard Stafford, a minor at the time, which was consumed by him later that night.

15.

Subsequently, Richard Stafford, along with friends, arrived at The Pony. While at The Pony, Richard Stafford was served and consumed alcohol.

16.

After leaving The Pony, Richard Stafford attended a party with friends at a private residence near Old Waverly Golf Course.

17.

After midnight, in the early morning hours of January 14, 2010, Officers Mark Stafford and Stanley McCree, with the West Point Police Department, came to said private residence numerous times regarding complaints of altercations between party guests.

18.

During the final visit by the officers, the officers confronted Richard Stafford about being at the party. The officers informed Richard Stafford that he had to leave immediately. Richard told the officers repeatedly that he could not leave because he had been drinking alcohol. He also informed the officers that his mother, who he was on the phone with at the time, was coming to pick him up, and he tried to get the officers to talk with her. The officers refused these requests and instead required the minor to leave driving his vehicle in an intoxicated condition. The officers did not require other similarly situated persons at the party to drive or leave.

19.

By speaking with and observing the actions of Richard Stafford and others at the party, the Defendant officers knew or should have known that Richard Stafford, a minor, was under the influence of alcohol. The actions of the Defendant officers of forcing an intoxicated minor, Richard Stafford, to operate a motor vehicle were plainly incompetent and were such that the officers knew they were violating the constitutional rights of Richard Stafford.

20.

Shortly after being forced to leave the party by Officers Mark Stafford and Stanley McCree, Richard Stafford was in a serious single vehicle accident while driving under the influence of alcohol.

21.

Richard Stafford's blood alcohol content was approximately .15% at the time of his accident. For Richard Stafford, a minor, his blood alcohol content was over seven (7) times the legal limit.

22.

Richard Stafford sustained serious bodily injuries as a result of the accident.

**FIRST CAUSE OF ACTION**

**(§1983 CLAIMS AGAINST OFFICERS MARK STAFFORD AND STANLEY McCREE)**

23.

Plaintiff hereby reiterates and re-alleges all preceding paragraphs as set forth herein in their entirety.

24.

This cause of action is brought against Officer Mark Stafford and Officer Stanley McCree for depravation of constitutional rights within the meaning of 42 U.S.C. §1983.

25.

The above described actions subjected Richard Stafford to a depravation of rights and privileges secured to him by the Constitution and laws of the United States, including the Fourth Amendment's right against unreasonable seizure, the Eighth Amendment's right

against cruel and inhuman punishment, and the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution within the meaning of 42 U.S.C. §1983. At all times mentioned herein, Defendants, Officer Mark Stafford and Officer Stanley McCree, acted with deliberate indifference to the rights and safety of Richard Stafford at a time when they knew, or should have known, that their actions would result in serious bodily harm to others. Further, Defendants' Stafford and McCree actions demonstrated incompetence and knowingly violated the constitutional rights of Richard Stafford by instructing him, a minor, under the influence of alcohol, to drive his vehicle. These Defendants violated Richard Stafford's due process rights by affirmatively placing or exposing him to a danger created by officers' actions. These Defendants also violated Richard Stafford's right to Equal Protection by forcing him to drive under influence of alcohol when they did not require others similarly situated to do the same.

26.

As the sole or contributing proximate result of the above described unconstitutional acts of the officers, Richard Stafford sustained extreme physical and emotional injuries, causing him to incur, past, present and future bodily pain and mental anguish, medical expenses, wages or wage earning capacity, and loss of enjoyment of life. Said conduct of the officers as described above was wilful, wanton, malicious, and in deliberate disregard for Richard Stafford's constitutionally protected rights, and occurred within the scope of the officers employment as an agent, servant, or employee of the City of West Point, Mississippi.

## SECOND CAUSE OF ACTION

## (§1983 CLAIM AGAINST CITY OF WEST POINT)

27.

Plaintiff hereby reiterates and re-alleges all preceding paragraphs as set forth herein in their entirety.

28.

This cause of action is brought against the City of West Point for depravation of constitutional rights within the meaning of 42 U.S.C. §1983.

29.

At all times relevant hereto, it was the official policy or custom of the City of West Point, Mississippi, Police Department to allow and/or require a minor under the influence of alcohol, to operate a motor vehicle which violated Richard Stafford's due process rights by placing him in a position of increased danger.

30.

At all relevant times hereto, it was the custom or policy of the West Point Police Department to fail to adequately train the officers to prevent minors under the influence of alcohol, whom they come in contact with, to operate a motor vehicle, thereby exhibiting a deliberate indifference to the rights and safety of any person in West Point, Mississippi, and violation of Richard Stafford's due process rights.

31.

At all relevant times hereto, it was the custom or policy of the City of West Point Police Department to treat persons, including minors, differently based on their social

and/or economic status and/or relationship with officials of the City and/or the City's Police Department. By requiring certain persons to drive while under the influence of alcohol and not requiring others similarly situated to drive their vehicles while under the influence of alcohol, the City of West Point Police Department acted with deliberate indifference to the rights and safety of the inhabitants of West Point, Mississippi, and Clay County, Mississippi, in violation of the Equal Protection Clause of the Fourteenth Amendment. As a result of the execution of this custom or policy by the City of West Point Police Department, the Richard Stafford was deprived of constitutionally protected rights, was forced to operate a motor vehicle while under the influence of alcohol and suffered the injuries listed above.

32.

As the sole or contributing proximate result of the said official policies or customs of the City of West Point Police Department, the Plaintiff was deprived of constitutionally protected rights and sustained the injuries listed above.

## THIRD CAUSE OF ACTION

## (MISSISSIPPI TORT CLAIMS ACT AGAINST CITY OF WEST POINT)

33.

Plaintiff hereby reiterates and re-alleges all preceding paragraphs as set forth herein in their entirety.

34.

As stated above, the reckless, wilful and intentional acts of City of West Point police officers in total reckless disregard for the safety and well-being of Richard Stafford by

instructing him to drive when they knew or should have known that he was under the influence of alcohol and unable to safely operate a motor vehicle were the sole or contributing proximate cause of the subject motor vehicle accident and resulting damages and injuries suffered by Richard Stafford.

## FOURTH CAUSE OF ACTION

## (CLAIMS AGAINST VICTORY MARKETING, LLC D/B/A SPRINT MART)

35.

Plaintiff hereby reiterates and re-alleges all preceding paragraphs as set forth herein in their entirety.

36.

At all relevant times, Defendant, Victory Marketing, LLC d/b/a Sprint Mart, which owned and/or operated a certain business in West Point, Mississippi, owed a duty of reasonable care to business invitee, Richard Stafford, and further had the duty not to violate the law by selling alcoholic beverages to anyone under the age of twenty-one (21) years, including Richard Stafford. Defendant is vicariously liable for acts of employees or agents under doctrine of respondeat superior. This Defendant failed to use reasonable care and violated the law constituting negligence per se when it negligently, recklessly, intentionally and illegally sold alcoholic beverages to Richard Stafford. Shortly thereafter, Richard Stafford had the subject automobile accident while driving under the influence of alcohol sold to him by this Defendant. The conduct of this Defendant was the sole or contributing proximate cause of the subject accident and injuries and damages to Richard Stafford.

## FIFTH CAUSE OF ACTION

## (CLAIMS AGAINST MISSISSIPPI ADULT COMPANIES, LLC/

## TENNESSEE ENTERTAINMENT D/B/A THE PONY

37.

Plaintiff hereby reiterates and re-alleges all preceding paragraphs as set forth herein in their entirety.

38.

At all relevant times, Defendant, Mississippi Adult Companies, LLC/Tennessee Entertainment d/b/a The Pony, which owned and/or operated a certain business in West Point, Mississippi, owed a duty of reasonable care in business invitee, Richard Stafford, and further had the duty not to violate the law by selling or serving alcoholic beverages to anyone under the age of twenty-one (21) years, including Richard Stafford. Defendant is vicariously liable for actions of its employees or agents under doctrine of respondeat superior. This Defendant failed to use reasonable care and violated the law constituting negligence per se when it negligently, recklessly, intentionally and illegally sold or served alcoholic beverages to Richard Stafford. Shortly thereafter, Richard Stafford had the subject automobile accident while under the influence of alcohol sold or served to him by this Defendant. The conduct of this Defendant was the sole or contributing proximate cause of the subject accident and injuries and damages to Richard Stafford.

## COMPENSATORY DAMAGES

39.

The conduct, actions and omissions of the Defendants stated herein were the sole

or contributing proximate cause of the injuries and damages to Richard Stafford, including, but not limited to, the following:

    a.    Past, present and future medical expenses;

    b.    Past, present and future loss of wages or wage earning capacity;

    c.    Past, present and future physical pain and suffering;

    d.    Past, present and future emotional distress and mental anguish;

    e.    Past, present and future loss of enjoyment of life; and

    f.    Any and all other damages allowed by law including attorney fees and court costs.

## **PUNITIVE DAMAGES**

40.

Since the conduct of the Defendants was reckless, wilful and intentional, Plaintiff is further entitled to recover punitive damages from each Defendant in the maximum amount allowed by law.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Natalie Stafford, as conservator for and on behalf of Richard Stafford, demands judgment for compensatory and punitive damages against Defendants, jointly and severally, to be decided by jury in maximum amount allowed by law together with attorney's fees, pursuant to 42 U.S.C. §1983 and §1988 plus reasonable costs of this action.

Respectfully submitted this the 13th day of January, 2011.

RONALD D. MICHAEL, P.A.

BY: _____
R. H. BURRESS, III
MSB#8660

R. H. BURRESS, III, ESQUIRE
RONALD D. MICHAEL, P.A.
1700 NORTH SECOND STREET
BOONEVILLE, MS 38829
PHONE: 662-728-6276
FAX: 662-720-0488
E-MAIL: bburress@rmichaellaw.com

OF COUNSEL:
J. DOUGLAS FORD, ESQUIRE
MITCHELL, MCNUTT & SAMS, P.A.
POST OFFICE BOX 1366
COLUMBUS, MS 39703
PHONE: 662-328-2316
FAX: 662-238-8035
E-MAIL: dford@mitchellmcnutt.com