IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

NATALIE STAFFORD, as conservator of
Richard Stafford                                                                                                    PLAINTIFF

V.                                                                                           CAUSE NO.: 1:11CV13-SA-JAD

CITY OF WEST POINT, MISSISSIPPI, ET AL.                                                      DEFENDANTS

MEMORANDUM OPINION

Defendant Mississippi Adult Companies, LLC, filed a Motion to Dismiss with its Answer and Defenses [16]. Defendant asserts that the complaint fails to state a claim upon which relief can be granted against this Defendant as Mississippi Adult Companies, LLC, neither owns nor operates the establishment known as "The Pony" in West Point, Mississippi. Therefore, Defendant asserts, it cannot be held liable for any torts or wrongs associated with that entity.

*Motion to Dismiss Standard*

Under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). That "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555, 127 S. Ct. 1955 (citations and footnote omitted). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

*Discussion and Analysis*

The Complaint alleges that Mississippi Adult Companies, LLC, as owner and operator of "The Pony," owed a duty of reasonable care to Richard Stafford as a business invitee, and further had the duty not to violate the law by selling or serving alcoholic beverages to a minor, including Richard Stafford.

Defendant Mississippi Adult Companies presents an affidavit from Charles G. Westlund, Jr. Westlund avers knowledge that the business located at 515 Highway 45 Alternate North, Suite A, West Point, Mississippi 39773, known as "The Pony," is owned and operated by the entity known as MEC, Inc., of which he is a stockholder. He further explains that Mississippi Adult Companies, LLC, is a separate entity from MEC, Inc.

Plaintiff failed to respond to the Motion to Dismiss.

Therefore, based on the uncontested facts presented to this Court, Defendant Mississippi Adult Companies, LLC,'s Motion to Dismiss is GRANTED. Plaintiff has failed to plead factual content that allows the Court to reasonably infer that the Defendant Mississippi Adult Companies, LLC, is liable for the misconduct alleged. See Iqbal, 129 S. Ct. at 1949. Because the Court cannot infer that Mississippi Adult Companies, LLC, is liable, the complaint has failed to show that the "pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

*Conclusion*

Defendant Mississippi Adult Companies, LLC's Motion to Dismiss [16] is GRANTED.

Mississippi Adult Companies, LLC, is therefore, dismissed as a party defendant.

SO ORDERED, this the 7th day of July, 2011.

                                         **/s/ Sharion Aycock**
                                         **U.S. DISTRICT JUDGE**