IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

NATALIE STAFFORD, as conservator
of RICHARD STAFFORD                                                                        PLAINTIFF

V.                                                                            CAUSE NO.: 1:11CV13-SA-DAS

CITY OF WEST POINT, MISSISSIPPI, et al.                                           DEFENDANTS

MEMORANDUM OPINION

The City of West Point has filed two Motions for Summary Judgment [77, 127] seeking dismissal of the Plaintiff's claims against the municipality. In addition, MEC, Inc, d/b/a The Pony, also contends there are no genuine disputes of material fact and request dismissal [123]. Because genuine disputes of material fact exist as to the municipality's liability, the City of West Point's Motions for Summary Judgment are denied. Likewise, the Court finds that Plaintiff has shown there are disputed facts impacting causation as to the claim against MEC, Inc. Therefore, MEC, Inc., d/b/a The Pony's Motion for Summary Judgment is denied as well.

*Factual and Procedural Background*

Around 9:00 p.m. on January 13, 2010, Richard Stafford met several friends for a party at a condominium at 133 Waverly in West Point, Mississippi. Stafford drank several beers prior to leaving the condo and going to The Pony, a nightclub between West Point and Starkville that admits persons 18 and older. It is disputed whether Richard Stafford was served alcoholic beverages at The Pony, and if he was, how many he consumed. The group left The Pony no later than 1:00 a.m. and returned to the condo where they continued to drink for several more hours.

West Point police officers Mark Stafford and Stanley McGee were dispatched to 133 Waverly around 4:42 a.m., for a disturbance noted as "drunk and causing problems." Upon arrival, the officers observed a number of nineteen to twenty-one year old persons having a party.

Both officers testified that they smelled "a lot of alcohol" at the party and observed alcoholic beverage containers inside the condominium and spilled alcohol on the floor of the residence. The officers believed that the persons at 133 Waverly were consuming alcohol, and noted that alcohol was present in the residence. Both officers left the premises without making any arrests. The officers, however, were again dispatched to the same address around 5:24 a.m. The owner of the residence informed the police that he wanted particular persons to leave. Officer Stafford then told Richard Stafford, which was one of the persons identified by the owner, to leave. Richard called his mother, Natalie Stafford, on his cell phone, and she asked to speak with the officer. Officer Stafford refused to talk to Natalie Stafford, but she contends that Officer Mark Stafford told her minor son, Richard, to get into his vehicle and drive home.

At the alleged direction of Officer Stafford, Richard Stafford got into his vehicle, and drove for approximately fifteen miles before he was involved in a single car accident which caused serious and long-lasting injuries. Stafford's blood alcohol level two hours after the accident was 0.15 percent.

This Court held that the West Point police officers involved were entitled to qualified immunity as no constitutional right of Richard Stafford was violated. The Plaintiff thereafter filed an Amended Complaint alleging the following causes of action against the City of West Point: a violation of 42 U.S.C. Section 1983 for depravation of Richard Stafford's constitutional rights, and a violation of the Mississippi Tort Claims Act for reckless disregard for the safety and well-being of Richard Stafford by instructing him to drive when they knew or should have known that he was under the influence of alcohol and unable to safely operate a motor vehicle. Plaintiff concedes that the Court's ruling that there were no constitutional violations by the officers is

dispositive of her Section 1983 claims against the City. Therefore, the only remaining claim against the City of West Point falls under the Mississippi Tort Claims Act. The City argues it is immune under either the police protection or discretionary function provisions of the MTCA.[1]

MEC contends it is due summary judgment as Plaintiff has failed to allege sufficient causation to hold them liable even if Richard Stafford was improperly served alcohol at The Pony.

*Summary Judgment Standard*

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when the evidence reveals there is no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts demonstrating a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to

---

[1] Although Plaintiff's federal claims are no longer viable, the Court exercises its discretion to retain supplemental jurisdiction over Plaintiff's state law claims in order to rule on summary judgment. See 28 U.S.C. § 1367. The late stage of this proceeding warrants the retention of jurisdiction in this, the original forum chosen by the Plaintiff. See Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc., 554 F.3d 595, 602 (5th Cir. 2009) ("Our case law is clear that when a district court declines to exercise jurisdiction over remaining state law claims following the dismissal of all federal-law claims and remands a suit after investing a significant amount of judicial resources in the litigation . . . , that court has abused its discretion under 28 U.S.C. §1367.") (citation omitted).

support the fact." FED. R. CIV. P. 56(c)(1). The court is only obligated to consider cited materials but may consider other materials in the record. Id. at 56(c)(3). The court must resolve factual controversies in favor of the nonmovant "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

*Discussion and Analysis*

1. City of West Point

The City of West Point contends it is immune pursuant to the Mississippi Tort Claims Act, particularly the police protection and/or discretionary function exceptions. The Mississippi Legislature has expressly determined that as a matter of public policy, the state and its political subdivisions are immune from suit due to any "tortious act or omission" by any employee of the state or its political subdivisions. However, there are exceptions. The MTCA states in pertinent part:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim: . . . .
>
> (c) Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury. . . .

Miss. Code Ann. § 11-46-9(1)(c)(Rev. 2004). In order to escape the immunity provisions of the MTCA, the Plaintiff must prove by a preponderance of evidence that the officers, and therefore,

4

the City of West Point, acted in reckless disregard of Richard Stafford's safety, and that Richard Stafford was not engaged in criminal activity at the time of injury. Phillips v. Miss. Dep't of Pub. Safety, 978 So. 2d 656, 660-61 (Miss. 2008) (citing Simpson v. City of Pickens, 761 So. 2d 855, 859 (Miss. 2000)).

Reckless disregard has been defined by the Mississippi Supreme Court as a higher standard than gross negligence, and it embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act. City of Greenville v. Jones, 925 So. 2d 106, 110 (Miss. 2006); City of Jackson v. Powell, 917 So. 2d 59, 71 (Miss. 2005); Collins v. Tallahatchie County, 876 So. 2d 284, 287 (Miss. 2004). Courts will look to the totality of the circumstances when considering whether someone acted in reckless disregard. City of Ellisville v. Richardson, 913 So. 2d 973, 978-79 (Miss. 2005); City of Jackson v. Brister, 838 So. 2d 274, 279 (Miss. 2003) (finding that case law requires that the judge look at the totality of the circumstances in determining whether the officers acted with reckless disregard to public safety and that she base her findings on substantial, credible, and reasonable evidence). The Mississippi Supreme Court has held that "the nature of the officers' actions is judged on an objective standard with all the factors that they were confronted with, taking into account the fact that the officers must make split-second decisions." Powell, 917 So. 2d at 72 (citing Graham v. Connor, 490 U.S. 386, 396-97, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989) (citing Terry v. Ohio, 392 U.S. 1, 20-22, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968))). Stated another way, the reasonableness of the officers' actions "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 392, 109 S. Ct. 1865.

The Plaintiff has put forth sufficient evidence to raise a genuine dispute of material fact as to whether the officers told Richard Stafford to "get in the truck and leave now," and, even if they did, whether this arises to the level of reckless disregard for his safety and the public's safety. Officer Stafford stated he did not tell Richard Stafford to get in his truck, but Natalie Stafford, on the phone with Richard at the time, contends she heard the officer tell him to get in the truck and drive. Officer Stafford opined that driving an automobile under the influence of alcohol would be a risk to one's safety and would be a risk known to everyone. Based on Officer Stafford's testimony that he smelled alcohol at the residence, saw it on the floor, and believed that alcohol was being consumed on the premises by underage persons, there is a question of fact as to whether his instruction for one of those underage persons to get into a vehicle and drive away could constitute reckless disregard.

The Mississippi Supreme Court has held that "[i]f the victim is engaged in an illegal activity that is a cause of the harm, the government is immune from liability." Miss. Dep't of Public Safety v. Durn, 861 So. 2d 990, 997 (Miss. 2003) (citing Williams v. City of Jackson, 844 So. 2d 1161, 1164 (Miss. 2003)). "It must be shown that the victim was engaged in criminal activity that has a causal nexus to the wrongdoing of the tortfeasor." Id. (citing City of Jackson v. Perry, 764 So. 2d 373, 379 (Miss. 2000). However, the statute is "not designed to protect grossly negligent or intentional tortfeasors from liability where the fact that the victim is engaged in criminal activity is merely fortuitous and has no relation to the transaction out of which the liability would arise." Id. at 998.

Here, Plaintiff claims that the officers acted in reckless disregard of the safety of Richard Stafford and the public by ordering him to drive his vehicle while intoxicated. The City argues

that the police protection exemption applies because Richard Stafford was engaged in a criminal activity at the time of injury, namely, that he was driving under the influence. While acknowledging that driving under the influence is a crime, Mississippi Code § 63-11-30, the Court further notes here that Richard Stafford may not have engaged in that activity were it not for the alleged interference of the City of West Point officers. The Court is reluctant to extend immunity under this provision in these circumstances. Immunizing state actors under the MTCA due to the criminal activity allegedly caused by such agents would confuse the purpose of that immunity – protecting officers engaged in fire and police protection acting in a reasonable manner. Accordingly, the Court finds that the genuine dispute of material fact as to whether Officer Stafford instructed Richard Stafford to get into his vehicle and drive is pertinent to this inquiry as well.

The second source of immunity cited by the City of West Point involves the discretionary function exception. Pursuant to Mississippi Code Section 11-46-9(1)(d), a governmental entity and its employees shall not be liable for any claim "[b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused."

The City of West Point contends that the decision not to arrest Richard Stafford was discretionary and, therefore, protected by the discretionary function exception to the MTCA. Plaintiff argues that it was not only the officers' failure to arrest her son, but the directive to drive a vehicle while clearly intoxicated that caused the harm in this case. According to Plaintiff, telling a minor to drive drunk does not fall within the discretionary function of a police officer. The Court finds that further development of the factual record is necessary to determine whether the

7

immunity provided by either of the provisions cited by the City of West Point applies. Accordingly, summary judgment is denied as to the City of West Point.

2. MEC, Inc. d/b/a The Pony

MEC contends that Plaintiff cannot show any causation between alcohol allegedly served at The Pony prior to 1:00 a.m. and Richard Stafford's single-car accident almost five hours later. Indeed, MEC designated an expert that opined that based on Stafford's size at the time of the accident:

> If Mr. Stafford . . . consumed one, two, or even three beers at The Pony[,] the amount of alcohol in them would have been metabolized by the time of the accident and therefore would not have contributed to the accident.

Accordingly, MEC argues that even if Richard Stafford was served alcohol at The Pony on the night in question, it could not have caused or contributed to Richard Stafford's injuries. Alternatively, MEC asserts that Plaintiff cannot establish proximate cause due to the intervening/superceding actions of the West Point police officers in requiring Richard Stafford to drive which broke the chain of proximate cause between anything MEC allegedly did and Stafford's accident.

The Court finds summary judgment in favor of MEC inappropriate as there are numerous disputes of material fact. First, there is a question as to whether Richard Stafford, a minor at the time, was served and consumed alcohol at The Pony. While Richard contends he did not drink alcohol provided by The Pony, at least two of his friends present at The Pony attested that he was served and consumed "several" drinks while there. Second, if he was served at The Pony, there is a dispute as to whether alcohol served and consumed prior to 1:00 a.m. would have foreseeably caused his accident. MEC points to its expert who indicated that "even three beers" consumed at

8

The Pony prior to 1:00 a.m. would have metabolized prior to his accident; however, testimony from Richard's friends indicated that he may have consumed more than three beers, and may have even consumed a drink mixed with liquor.  Moreover, the evidence is contested whether Richard Stafford consumed alcohol after returning from The Pony.  Therefore, the Court finds it imprudent to grant summary judgment based on these disputed facts.

MEC also contends that the City of West Point police officer's action in sending an intoxicated minor to drive home constitutes a superceding or intervening cause of the accident; however, as noted above, there exists genuine disputes of material as to whether the officers in fact did tell Richard to drive home.   Accordingly, summary judgment is inappropriate.

*Conclusion*

Numerous disputes of material fact exist in this case that are not appropriate for the Court to decide.  Accordingly, the City of West Point's Motions for Summary Judgment [77, 127] are DENIED, and MEC, Inc.'s Motion for Summary Judgment [123] is DENIED as well.

SO ORDERED, this the 23rd day of May, 2013.

                                       **/s/ Sharion Aycock**
                                       **U.S. DISTRICT JUDGE**